## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| **(1) TIMOTHY MANZANARES,** | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Case No.** CIV-14-733-HE |
| | ) | |
| **(1) DEXTER AXLE COMPANY,** | ) | |
| a foreign for profit business corporation, | ) | **JURY TRIAL DEMANDED** |
| | ) | **ATTORNEY'S LIEN CLAIMED** |
| **Defendant.** | ) | |

### COMPLAINT

COMES NOW Plaintiff, Timothy Manzanares, ("Plaintiff"), through undersigned counsel, and hereby submit the following Complaint against Dexter Axle Company, ("Defendant"), and state and allege as follows:

### JURISDICTION AND VENUE

1.      This action arises under Title VII of the Civil Rights Act, 42 U.S.C. §§ 2000e, *et seq.*, and the laws of the State of Oklahoma.

2.      The acts and/or omissions giving rise to this lawsuit occurred in Grady County, State of Oklahoma.

3.      This Court has jurisdiction over the parties and the subject matter of this action, pursuant to 28 U.S.C. § 1331, and this action properly lies in the Western District of Oklahoma, pursuant to 28 U.S.C. §1391(c), because the claims herein arose in this judicial district.  Pursuant to 28 U.S.C. § 1367(a), this Court has supplemental jurisdiction over the state law claims alleged herein because they are so related to

1

the federal claims that they form part of the same case or controversy at issue herein.

## PARTIES

4.  Plaintiff is, and was at all times hereinafter mentioned, domiciled in and a citizen of the State of Oklahoma, and Plaintiff is a male.

5.  Plaintiff is an employee as defined by Title VII of the Civil Rights Act and the Oklahoma Anti-Discrimination Act.

6.  Defendant is a foreign for profit Business Corporation, conducting business within the Western District of Oklahoma.

7.  Defendant is an employer as defined by Title VII of the Civil Rights Act and the Oklahoma Anti-Discrimination Act.

8.  In conformance with Title VII statutory prerequisites, Plaintiff filed a Charge of Discrimination with the U.S. Equal Employment Opportunity Commission ("EEOC"). The EEOC has now issued a Right to Sue letter for Plaintiff, which was received on or about April 17, 2014. Accordingly, the filing of this action is timely made.

## OPERATIVE FACTS

9.  Timothy Manzanares was hired by Defendant on or about January 2013 for assembly line work. On or about May 2013, a new male employee Jimmy (last name unknown) was hired to work on the same assembly line. A short time thereafter, Manzanares was subjected to repeated physical and verbal sexual

2

harassment by this employee.

10. This employee rammed a hammer handle into Manzanares' buttocks, asked him if he wanted oral sex, shoved an air gun into Manzanares' groin, among other abuse.

11. Each time Manzanares opposed the conduct, he was subjected to further harassment.

12. Manzanares reported the unwelcome sexual harassment to upper management, and specifically his supervisor, yet nothing was done to stop it.

14. Manzanares was later subjected to a reduction in his hours and his pay rate was dropped. No reason was given for this reduction in hours and rate of pay.

15. Manzanares continued to reject the employee's severe and egregious sexually harassing behavior, but Defendant allowed the employee to continue unabated. Upon information and belief, the employee was never disciplined.

16. The employee's behavior made Manzanares extremely uncomfortable and created a hostile working environment.

17. Subsequently, Manzanares was forced to quit his job on June 28, 2013, due to the employee's actions and Defendant's failure to stop the hostile work environment.

18. Thus, Manzanares was constructively discharged by Defendant in retaliation for reporting sexual harassment incidents involving the employee Jimmy on himself and others.

19. As a direct result of the extreme and outrageous treatment to which Plaintiff was

3

subjected by Defendant, Plaintiff has suffered physical and emotional symptoms that continue through the present.

## FIRST CLAIM FOR RELIEF
### (SEXUAL HARASSMENT IN VIOLATION OF TITLE VII)

20. Plaintiff hereby incorporates the preceding paragraphs as though fully set forth herein and further states as follows:

21. By and through, but not limited to, the events described above, Plaintiff's terms and conditions of employment were adversely affected, and a hostile work environment was created, due to the on-going sexual harassment directed towards him.

22. By and through, but not limited to, the actions described above, Defendant has violated Title VII of the Civil Rights Act of 1964 and 1991, as amended, 42 U.S.C.§§ 2000e, *et seq*.

23. As a direct and proximate result of said actions by Defendant, Plaintiff has suffered, is now suffering, and will continue to suffer lost wages and fringe benefits, emotional pain, anxiety, inconvenience, mental anguish, loss of enjoyment of life, humiliation, and other pecuniary losses.

24. Defendant's actions were wilful and done with reckless indifference to Plaintiff's rights, thus warranting the award of punitive damages to him.

25. Plaintiff has been injured by this sexual harassment, and is entitled to compensatory and punitive damages and any other damages allowed under Title VII of the Civil Rights Act of 1964 and 1991.

**WHEREFORE**, Plaintiff prays for a declaration that the conduct engaged in by Defendant is in violation of Plaintiff's rights; for an award to Plaintiff for equitable relief of back salary; compensatory and punitive damages, including emotional distress, mental anguish, and humiliation, in an amount in excess of One Hundred Thousand Dollars ($100,000.000); costs and expenses, including reasonable attorney's fees as provided for by applicable law; an assessment of damages to compensate for any tax consequences of this judgment and for any such other legal or equitable relief this Honorable Court deems just and proper.

### SECOND CLAIM FOR RELIEF
### (SEXUAL HARASSMENT IN VIOLATION OF OKLAHOMA
### ANTI-DISCRIMINATION ACT)

26.   Plaintiff hereby incorporates the preceding paragraphs as though fully set forth herein and further states as follows:

27.   That Plaintiff is a member of a protected class, to wit: male.

28.   That Oklahoma law prohibits sex discrimination, harassment and retaliation in the workplace (as set forth in the OADA, 25 O.S. § 1302, et. seq.), and permits an aggrieved employee to bring a claim against an employer for permitting sex discrimination, harassment and retaliation.

29.   That Plaintiff was discriminated against and harassed due to him sex and retaliated against during him employment as prohibited by the OADA.

30.   That Defendant ratified the acts of its agents and employees by failing to take remedial action upon notice by Plaintiff of the circumstances or by allowing the acts

to occur after receiving actual or constructive notice of those acts.

31.   That the conduct complained of constitutes illegal sex discrimination and retaliation in violation of the OADA, 25 O.S. § 1302, et. seq.

**WHEREFORE**, Plaintiff prays for a declaration that the conduct engaged in by Defendant is in violation of Plaintiff's rights; for an award to Plaintiff for equitable relief of back salary; compensatory and punitive damages, including emotional distress, mental anguish, and humiliation, in an amount in excess of One Hundred Thousand Dollars ($100,000.000); costs and expenses, as provided for by applicable law; an assessment of damages to compensate for any tax consequences of this judgment and for any such other legal or equitable relief this Honorable Court deems just and proper.

### THIRD CLAIM FOR RELIEF
### (RETALIATION IN VIOLATION OF TITLE VII)

32.   Plaintiff hereby incorporates the preceding paragraphs as though fully set forth herein.

33.   That as a direct and proximate result of reporting the sexual harassment he was being subjected to by Defendant's agents and/or employees, Plaintiff was retaliated against by Defendant.

34.   By and through, but not limited to, the events described above, Plaintiff's terms and conditions of employment were adversely affected due to the on-going retaliation directed   towards Plaintiff.

35.   As a direct and proximate result of said actions by Defendant, Plaintiff has suffered,

is now suffering, and will continue to suffer lost wages and fringe benefits, emotional pain, anxiety, inconvenience, mental anguish, loss of enjoyment of life, humiliation, and other pecuniary losses.

36.    Defendant's actions were wilful and done with reckless indifference to Plaintiff's rights, thus warranting the award of punitive damages to Plaintiff.

37.    Plaintiff has been injured by the retaliation he was subjected to and is entitled to compensatory and punitive damages and any other damages allowed under Title VII of the Civil Rights Act of 1964 and 1991.

**WHEREFORE**, Plaintiff prays for a declaration that the conduct engaged in by Defendant is in violation of Plaintiff's rights; for an award to Plaintiff for equitable relief of back salary; compensatory and punitive damages, including emotional distress, mental anguish, and humiliation, in an amount in excess of One Hundred Thousand Dollars ($100,000.000); costs and expenses, including reasonable attorney's fees as provided for by applicable law; an assessment of damages to compensate for any tax consequences of this judgment and for any such other legal or equitable relief this Honorable Court deems just and proper.

## FOURTH CLAIM FOR RELIEF
### (NEGLIGENT SUPERVISION)

38.    Plaintiff hereby incorporates the preceding paragraphs as though fully set forth herein.

39.    That Defendant knew or should have known that Defendant's agents and employees

had a propensity for sexually harassing employees, as demonstrated by previous complaints made against that employee by Plaintiff, and others, and the observations of its management and/or supervisory employees.

40.   That at the time Defendant's agent and employee was sexually harassing Plaintiff, Defendant had reason to believe that this employee would create an undue risk of harm to others.

41.   That Defendant failed to act upon this belief.

42.   That Plaintiff was injured because of Defendant's failure to act.

43.   That Plaintiff's injuries are a direct and proximate result of Defendant's failure to act.

**WHEREFORE**, Plaintiff prays for a declaration that the conduct engaged in by Defendant is in violation of Plaintiffs' rights; for an award to Plaintiff for compensatory and punitive damages, including emotional distress, mental anguish, and humiliation, in an amount in excess of One Hundred Thousand Dollars ($100,000.000); costs and expenses as provided for by applicable law; an assessment of damages to compensate for any tax consequences of this judgment and for any such other legal or equitable relief this Honorable Court deems just and proper.

Respectfully submitted,

8

HALL, NALLEY & HOLLOWAY, PLLC

Terry A. Hall, OBA #10668
1101 N Harrison, Suite D
Shawnee, Oklahoma 74801
(405) 275-5242
(405) 260-9330 (facsimile)
thall@okhnhlaw.com
Attorneys for Plaintiff